**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:25-CR-0602** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **ALIJAHA SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Alijaha Scott's Motion for Modification of Detention Order.  ECF Doc. 67.  Defendant moves the Court to modify his detention order to one of home confinement before his sentencing.  On May 4, 2026, the Government filed a Response in Opposition to Defendant's Motion for Modification of Detention Order.  ECF Doc. 68.  Because the Court is statutorily required to order Defendant's detention pending sentencing, his Motion for Modification is hereby DENIED.

On April 23, 2026, Defendant Scott entered a guilty plea to one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and one count of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. §1952(a)(3).  ECF Doc. 65.  The drug felony to which Defendant pleaded

1

guilty carries a mandatory prison term of ten years to life. *Id.*  He is being detained prior to sentencing which is scheduled for August 4, 2026.

Because Defendant Scott is detained pending sentencing, 18 U.S.C. § 3143(a)(2) governs his release.  18 U.S.C. § 3143(a)(2) provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 31421 and is awaiting imposition or execution of sentence be detained unless—
>
> **(A)**
>> **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Here, Defendant does not meet the criteria of section A because no motion for acquittal has even been filed, let alone is likely to be granted, nor is the Government recommending no sentence of imprisonment.  As already stated, Defendant pleaded guilty to a drug felony with a mandatory minimum sentence of at least ten years.

Because Defendant Scott is statutorily ineligible for the requested modification of his detention pending sentencing, his motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2026

*s/Dan Aaron Polster*
United States District Judge

2